McKinney, J.,
delivered the opinion of the Court.
This is an action of ejectment. The case was before us at a former term, and will he found reported 8 Sneed, 513, to which we refer for a statement of the questions presented by the record. It will he seen that the principal question was as to the sufficiency of the clerk’s certificates of the probate of the deed, and private examination of Jane Piver, a feme covert, the clerk having omitted to give copies of the record of the Court, and his certificates being merely a statement of his own of what was done in Court. We then held that this defect was cured by the last clause of the 9th section of the act of 1839, ch. 26.
The case being remanded for a new trial, the defendant, on the last trial, offered evidence tending to falsify the clerk’s certificates attached to the deed, by showing that the feme covert was induced to execute the deed by force and fraud; also, that her privy examination never was in fact taken; and, furthermore, that there is no such record to be found, in the Court of Pleas and Quarter Sessions of Carteret county, North Carolina, of the probate and privy examination of Jane Piver,' as is stated in the clerk’s certificate. This evidence was objected to by the plaintiff, but the Court overruled the objection, on the ground that the presumption of sufficient legal authority for the registration of a deed even after the *385 lapse of twenty years, was not, by tbe last clause of the 9tb section of the act of 1839, a conclusive presumption, and therefore might be opposed and repelled by proof to the contrary.
The jury found for the defendant; and a motion for a new trial being overruled, the plaintiff prosecuted an appeal in error to this Court.
The judgment in this case is palpably erroneous. The evidence admitted by the Court to show that the deed of Piver and wife was registered without any authority of law was wholly inadmissible. This error was the consequence of not discriminating between the provision of the last clause of the 9th section of the act, and the provisions of the preceding clauses of that section: a most obvious distinction, patent upon the face of the section, illustrating very clearly the difference between presumptions that are conclusive, and those which may be overcome by opposing proof.
The preceding clauses of the section under consideration specify several instances of registration of deeds upon certificates of probate apparently defective. And it is declared in effect that in such cases it shall be presumed by the Courts that the deeds were duly proved and registered, notwithstanding the omission of the clerk’s certificate, until the contrary shall be made to appear by the adverse party. And this presumption will attach although the deed may not have been registered twenty-four hours. Such is the rule laid down where the registration has been short of twenty years. The presumption in such cases is what is termed a disputable presumption, .or one that may be overcome by opposing proof. The act defines what shall be, prima facie, a sufficient probate *386 and registration to give validity and effect to the deed, and throws the burden of proof on the other party to rebut the presumption.
But the last clause declares a very different rule. It is in these words: “And whenever a deed has been registered twenty years or more, the same shall be presumed to be upon lawful authority; and the probate shall be good and effectual though the certificate on which the same has been registered has not been transferred to the register’s book, and no matter what has been the form of the certificate of probate or acknowledgment.” Here there is no such provision as in the preceding clauses, that the registration shall be presumed to have been upon sufficient authority until the contrary is shown: no such thing was intended. It is the declaration of an imperative rule of law, against the operation of which no averment or proof can be admitted. The effect is, that after the lapse of twenty years from the registration of a deed, the presumption becomes absolute and conclusive, from the simple fact of time, that the registration was upon lawful authority, and all inquiry upon that subject is cut off.
This provision of the statute is founded upon reasons of public policy, for the security of land-titles, and to preserve and promote the quiet of the community. It does not proceed upon the idea that in point of fact the deed was registered upon a regular probate, but upon the ground that it is better for the general interest of society that, after so long an acquiescence, any question respecting the regularity of the registration should be positively excluded.
It is the same principle upon which, by an ancient *387 rule of the common law, one that has quietly occupied land for the period of twenty years is presumed to have a valid title by grant. And, as said in the case in 3 Sneed, 513, it is but the principle of the statute of limitations differently applied. But the provision being general, no exception being made in favor of persons under disabilities, it applies alike to all persons, femes covert as well as other persons.
The judgment will be reversed, and the case be remanded for a new trial.